IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_Central_ DIVISION

EDWARD STANDRIDGE, as PERSONAL REPRESENATIVE     PLAINTIFF
OF THE ESTATE OF STEVE STANDRIDGE, Deceased

V.     CASE NO. 4:23cv165-KGB

FAULKNER COUNTY, ARKANSAS; SCOTT HUFFMAN,     DEFENDANTS
Individually, and in his official capacity as
Jail Administrator of the Faulkner County Detention Center;
TIM RYALS, Individually, and in his official capacity as the
Sheriff of Faulkner County, Arkansas;
TURN KEY HEALTH CLINICS, LLC, an Oklahoma Corporation;
SAVANNAH HENDERSON; CHEYENNE BROWN;
ANTHONY CARTER;
JANE AND JOHN DOES, Healthcare Providers
and JANE AND JOHN DOES, Jail Personnel

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 02 2023
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

## COMPLAINT

COMES NOW the Plaintiff, Edward Standridge, as Personal Representative of the Estate of Steve Standridge, deceased, by and through his attorneys, TS Branch Law Firm, PLLC, and April Rogers Law, PLLC, and for his Complaint against the Defendants, states and alleges as follows:

### I. INTRODUCTION

Plaintiff alleges Faulkner County Detention Center (hereinafter, "FCDC") and its employees and officers acted in violation of 42 U.S.C. section 1983 by violating the constitutional rights of Steve Standridge, leading to his untimely death while in the custody of FCDC. Plaintiff also brings this action pursuant to Arkansas' Wrongful Death Law, Ark. Code Ann. Section 16-62-101 *et seq*. Plaintiff further alleges medical malpractice by Turn Key Health Clinics, LLC ("Turn Key") and their agents and employees in the care, or lack thereof, of Mr. Standridge while he was detained at FCDC. Plaintiff also alleges negligence against all defendants for the pain,

This case assigned to District Judge Baker
and to Magistrate Judge Ray

1

suffering, and death of Steve Standridge arising from the failure to provide and/or negligent medical care and treatment, and the negligent staffing, supervision, and training of the medical personnel at FCDC.

## II.  PARTIES

1. The plaintiff is the Personal Representative of the Estate of the Decedent, Steve Standridge, by order of the Faulkner County Circuit Court, Probate Division. Steve Standridge was a resident of Faulkner County, Arkansas, and was a citizen of the United States of America. Edward Standridge is a resident of Faulkner County, Arkansas, and is a citizen of the United States of America.

2. Defendant Faulkner County, Arkansas, is a public body corporate created by the General Assembly for the State of Arkansas pursuant to Ark. Code Ann. section 14-14-501. Faulkner County Arkansas owns and operates the Faulkner County Sheriff's Department and the Faulkner County Detention Center for the purpose of housing pre-trial and post-trial detainees.

3. Defendant Scott Huffman is, and was at all times relevant hereto, employed as the Jail Administrator at FCDC. He may be served at his place of employment, The Faulkner County Sheriff's Office Detention Center, 801 Locus Street, Conway, Arkansas, 72034.

4. Defendant Tim Ryals is and was at all times relevant hereto the Sheriff of Faulkner County, Arkansas. He may be served at his place of employment, 801 Locus Street, Conway, Arkansas, 72034

5. Defendant Turn Key Health Clinics, LLC is a domestic limited liability company licensed to do business by the state of Oklahoma. It may be served through its registered agent, Jesse White, 900 Northwest 12th Street, Oklahoma City, Oklahoma 73106. At all relevant times,

Turn Key acted under color of state law and pursuant to a contract with the Faulkner County Detention Center.

6.  Savannah Henderson is a nurse at FCDC, employed by Defendant Turn Key, and was responsible for providing medical services for individuals confined at FCDC, including Steve Standridge. At all relevant times, Defendant Henderson was acting under color of state law. Regardless of her place of residence, the allegations against this defendant arise from her action in Arkansas and this judicial district.

7.  Cheyenne Brown is a nurse at FCDC, employed by Defendant Turn Key, and was responsible for providing medical services for individuals confined at FCDC, including Steve Standridge. At all relevant times, Defendant Brown was acting under color of state law. Regardless of her place of residence, the allegations against this defendant arise from her action in Arkansas and this judicial district.

8.  Anthony Carter is a medical professional at FCDC, employed by Defendant Turn Key, and was responsible for providing medical services for individuals confined at FCDC, including Steve Standridge. At all relevant times, Defendant Carter was acting under color of state law. Regardless of his place of residence, the allegations against this defendant arise from her action in Arkansas and this judicial district.

9.  John and Jane Does, Healthcare Providers, are employees and/or officers of FCDC or Turn Key who participated in, acted, or acted though omission against Steve Standridge in the cause of his death while in the custody of FCDC.

10. John and Jane Does, Jail Personnel, are employees and/or officers of FCDC or Turn who participated in, acted, or acted though omission against Steve Standridge in the cause of his death while in the custody of FCDC.

### III. JURISDICTION AND VENUE

11. Jurisdiction of this Court is being invoked pursuant to 28 U.S.C. section 1983. Relief is pursuant to 42 U.S.C. section 1983 and the Fifth and Fourteenth Amendment to the United States Constitution. The Court is also asked to assume supplemental jurisdiction over the plaintiff's state law claims.

12. This is also an action seeking declaratory relief pursuant to 28 U.S.C section 2201 to declare the rights and other relations between the parties and for damages.

13. Venue is proper under 28 U.S.C. section 1391 in that the incident took place in the County of Faulkner, State of Arkansas.

### IV. FACTUAL ALLEGATIONS

14. Turn Key provides and provided, at all times relevant herein, medical staffing for the FCDC during all relevant periods of time alleged herein.

15. On March 4, 2022 Steve Standridge was arrested and taken into custody at FCDC.

16. On or about April 2022, an Order for Medical Furlow was entered by the Faulkner County Circuit Court Judge because Mr. Standridge was hospitalized for a medical condition "that manifested during his incarceration at the [FCDC]."

17. Mr. Standridge's medical conditions continued while in the custody of FCDC, and, during a guardianship hearing, Defendant Ryals testified that the jail did not have the medical capability to care for Mr. Standridge.

18. At some point, Mr. Standridge was transferred to a medical pod while in the custody of FCDC, where, upon information and belief, more than double the allotted number of individuals were housed and numerous individuals were sleeping on the floor.

4

19.     Mr. Standridge's mobility declined while in the custody of FCDC, and he began using a wheelchair on or about June 2022.

20.     Upon information and belief, the detainees housed in the pod with Mr. Standridge assisted him with all care tasks, including showering, dressing, and moving from his wheelchair to his "rack," or bed.

21.     On October 21, 2022, Mr. Standridge attended a sentencing hearing and was sentenced to 45 years in the Arkansas Department of Corrections. Mr. Standridge would only be required to serve approximately 1/6 of his sentence and already had credit for over 2 ½ years.

22.     Following his sentencing hearing in October 2022, Mr. Standridge began having severe pain and redness in his left leg.

23.     On October 15, 2022, Mr. Standridge submitted a medical grievance requesting medical staff "change [his] spider bite dressing and one more inspection."

24.     Medical personnel documented no further inspection or treatment of Mr. Standridge's leg.

25.     Mr. Standridge thereafter ceased eating or drinking for a period of three to four days and experienced vomiting.

26.     Upon information and belief, over the course of several days, multiple inmates in the pod with Mr. Standridge pressed the call button located on the wall to request medical assistance for Mr. Standridge.

27.     On October 29, 2022, defendant Savannah Henderson created a patient note stating that Mr. Standridge was "brought to medical for feeling 'cold' and like his blood pressure is elevated. . . Blood pressure does not meet standards for clonidine at this time…No other problems assessed. Will continue to monitor."

5

28. Medical personnel documented no further medical checks on Mr. Standridge prior to the date of his death.

29. On the morning of November 1, 2022, after Mr. Standridge fell from his wheelchair, and after detainees in the pod with Mr. Standridge yelled and screamed for help, defendant Cheyenne Brown entered Mr. Standridge's pod to perform a medical check. Mr. Standridge told Defendant Brown that he was tired and had not been eating for the past three days. To which she responded for him to "eat some of the pop tart that he had opened by his bunk and let medical know if he started to feel worse."

30. Mr. Standridge's condition did in fact worsen, and approximately one hour later, other detainees assisted Mr. Standridge into the medical room where Defendant Brown observed Mr. Standridge's appearance as "mottled purple and yellow," and directed he be transported to the hospital at the Orders of Defendant Anthony Carter.

31. Jail staff transported Mr. Standridge to the hospital after being alerted that Mr. Standridge had been "under the treatment of Turn Key medical staff . . . since 10.27.22 for a spider bite on his left outer calf . . ., was feeling lightheaded, had not eaten in a day or two, and medical staff feared sepsis."

32. Mr. Standridge died on November 1, 2022, after being transported by FCDC personnel to Baptist Health Medical Center in Conway, Arkansas.

33. Medical records indicate Mr. Standridge's condition was sepsis.

34. On November 1, 2022 at approximately 7:02 p.m., after Mr. Standridge had died, Defendant Brown created patient note stating: "10/31/2022 1230 spoke with A. Carter about [Mr. Standridge's] cellulitis. Carter stated to make sure the abx that were ordered 10/29/22 were for 10

6

days and cont to monitor." There is no documentation that Mr. Standridge ever received antibiotics or any other treatment for his condition.

35. Upon information and belief, Mr. Standridge did not see a physician for his condition while housed in FCDC, neither in person nor via telehealth visit, prior to the date of his death.

## V. **CAUSES OF ACTION**

COUNT 1- DUE PROCESS VIOLATION UNDER THE FOURTEENTH AMENDMENT

36. Paragraphs 1-35 are hereby restated and incorporated by reference.

37. Defendants Faulkner County, Arkansas; Scott Huffman; Tim Ryals; Turn Key; Savannah Henderson, Cheyenne Brown, Anthony Carter, and Jane and John Does, violated Steve Standridge's constitutional rights to due process under the Fourteenth Amendment to the United States Constitution.

38. Defendants' actions and omissions violating Steve Standridge's constitutional rights were performed under the color of the law and pursuant to the state authority giving rise to the violation of 42 U.S.C. section 1983.

39. Defendant officers and employees of FCDC at all times pertinent hereto were acting in accordance with FCDC policy, practices, training, and procedures.

40. Defendants had a duty to protect Steve Standridge against deliberate indifference to his serious medical need.

41. Defendants knew of Steve Standridge's serious medical needs and that their action or inaction could cause him substantial harm.

42. Defendants failed their duty to Steve Standridge by:

    a. Not providing adequate or appropriate medical care;

   b. Failing to adequately monitor the health of Steve Standridge;

   c. Failing to provide Steve Standridge with safe confinement while in state custody.

   d. Acting with deliberate indifference to his serious medical needs; and

   e. Through their acts and omissions, failing to protect his rights to due process under the United States Constitution.

## COUNT II- CRUEL AND UNUSUAL PUNISHMENT VIOLATIN UNDER THE EIGHTH AMENDMENT

43. Paragraphs 1-42 are hereby restated and incorporated by reference.

44. Defendants Faulkner County, Arkansas; Scott Huffman; Tim Ryals; Turn Key; Savannah Henderson, Cheyenne Brown, Anthony Carter, and Jane and John Does, violated Steve Standridge's constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

45. Defendants' actions and omissions violating Steve Standridge's constitutional rights were performed under the color of the law and pursuant to the state authority giving rise to the violation of 42 U.S.C. section 1983.

46. Defendants, acting under color of state law and pursuant to the state authority had a duty to protect Steve Standridge's constitutional rights and ensure he was not subject to cruel and unusual punishment.

47. Defendant officers and employees of FCDC at all times pertinent hereto were acting in accordance with FCDC policy, practices, training, and procedures.

48. Defendants had a duty to protect Steve Standridge against deliberate indifference to his serious medical need.

49. Defendants knew of Steve Standridge's serious medical needs and that their action or inaction could cause him substantial harm.

50. Defendants failed their duty to Steve Standridge by:

   a. Not providing adequate or appropriate medical care;

   b. Failing to adequately monitor the health of Steve Standridge;

   c. Failing to provide Steve Standridge with safe confinement while in state custody.

   d. Acting with deliberate indifference to his serious medical needs; and

   e. Through their acts and omissions failed to protect his right against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

51. As a result of Defendants conduct, Steve Standridge endured unnecessary pain and suffering for the duration of his confinement at FCDC and died as a result of the acts and omissions by Defendants.

## COUNT III- EQUAL PROTETCTION VIOLATION OF THE FOURTEENTH AMENDMENT

52. Paragraphs 1-40 are hereby restated and incorporated by reference.

53. Defendants Faulkner County, Arkansas; Scott Huffman; Tim Ryals; Turn Key; Savannah Henderson, Cheyenne Brown, Anthony Carter, and Jane and John Does, violated Steve Standridge's constitutional right to equal protection under the Fourteenth Amendment to the United States Constitution.

54. Defendants' actions and omissions violating Steve Standridge's constitutional rights were performed under the color of the law and pursuant to the state authority giving rise to the violation of 42 U.S.C. section 1983.

55. Defendant officers and employees of FCDC at all times pertinent hereto were acting in accordance with FCDC policy, practices, training, and procedures.

56. Defendants had a duty to protect Steve Standridge's right to equal protection.

57. Defendants knew of Steve Standridge's serious medical needs and that their action or inaction could cause him substantial harm.

58. Defendants failed their duty to Steve Standridge by:

   a. Not providing adequate or appropriate medical care;

   b. Failing to adequately monitor the health of Steve Standridge;

   c. Failing to provide Steve Standridge with safe confinement while in state custody.

   d. Acting with deliberate indifference to his serious medical needs; and

   e. Upon information and belief, through their acts and omissions failed to provide the medical treatment afforded to similarly situated citizens.

59. As a result of Defendants conduct, Steve Standridge endured unnecessary pain and suffering for the duration of his confinement at FCDC and died as a result of the acts and omissions by Defendants.

## COUNT IV- ARKANSAS WRONGFUL DEATH

60. Paragraphs 1-59 are hereby restated and incorporated by reference.

61. Defendants owed a duty of reasonable care to Plaintiffs' decedent, Steve Standridge, and to other FCDC detainees, to properly screen detainees for problems, to properly and adequately monitor detainees, to treat detainees medically when indicated and to protect detainees from injury, harm or death.

62. Defendants failed to use the recommended and accepted standard of care, and/or violated established policies and procedures with reckless abandon, subjecting the Decedent, Steve Standridge to a violation of his constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution. The actions and omissions by the Defendants were a pattern of conduct and culture of disregard that amounted to deliberate indifference to Steve Standridge's rights and proximately caused his death.

63. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and breach of other duties owed to the Mr. Brainard, his beneficiaries have sustained pecuniary loss, economic damages and losses, mental anguish, emotional pain and suffering, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

## COUNT V-SURVIVAL ACTION

64. Paragraphs 1-63 are hereby restated and incorporated by reference.

65. Defendants owed a duty of care to Plaintiffs' decedent, Steve Standridge, and to others at the FCDC, detainees, to properly screen detainees for problems, to properly and adequately monitor detainees, to treat detainees medically when indicated and to protect detainees from injury, harm or death.

66. The Defendants failed to use the requisite standard of care and/or violated established policies and procedures with reckless abandon, subjecting the Steve Standridge to a violation of his constitutional rights under the Eight and Fourteenth Amendments of the United States Constitution.

67. The actions and omissions by the Defendants amounted to a deliberate indifference of the Defendants to Steve Standridge's rights and proximately caused his death.

11

68. As a direct and proximate result of said breaches of duties, as described above, Steve Standridge suffered fright and conscious pain and suffering during the period of time that he was incarcerated at FCDC.

69. As a direct and proximate result of the Defendants' breaches of duty, as described above, The Estate of Steve Standridge incurred funeral expenses, medical bills and other losses.

70. Plaintiffs bring a survivor action pursuant to applicable law against the Defendants for the aforementioned expenses, conscious pain and suffering and fright suffered by decedent, Steve Standridge.

## COUNT VI-MEDICAL MALPRACTICE

71. Paragraphs 1-70 are hereby restated and incorporated by reference.

72. Defendants Turn Key, Savannah Henderson, Cheyenne Brown, Anthony Carter, and Jane and John Does, Healthcare providers, had a duty to provide an appropriate standard of professional care with respect to their treatment of detainees at FCDC, including Steve Standridge.

73. Defendants breached said duty to Steve Standridge by:

    a. Failing to provide adequate or appropriate medical care;

    b. Failing to provide the adequate standard of medical care;

    c. Failing to apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing engaged in the same type of service in the same or similar locality in which they treat patients;

    d. Failing to monitor and check on him when they knew of his serious medical condition and need;

    e. Failing to appropriately respond to medical grievances filed by him;

    f.  Failing to timely respond to requests for medical care made by detainees on Steve Standridge's behalf.

74. As a result of Defendants' conduct, Steve Standridge endured bodily harm, and unnecessary pain and suffering for the duration of his confinement at FCDC and died as a result of the acts and omissions by Defendants.

75. Defendants committed medical malpractice which was the proximate cause of Steve Standridge's bodily harm, pain, suffering, and death.

## COUNT VII-NEGLIGENCE

76. Paragraphs 1-76 are hereby restated and incorporated by reference.

77. All defendants had a duty to reasonably ensure and provide adequate and necessary care to detainees at the FCDC, including Steve Standridge.

78. Defendants breached said duty to Steve Standridge by:

    a.  Failing to provide adequate or appropriate medical care;

    b.  Failing to timely notify medical personnel of the prompt need for medical care;

    c.  Failing to provide the adequate standard of medical care;

    d.  Failing to apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing engaged in the same type of service in the same or similar locality in which they treat patients;

    e.  Failing to monitor and check on him when they knew of his serious medical condition and need;

    f.  Failing to appropriately respond to medical grievances filed by him;

g.   Failing to timely respond to requests for medical care made by detainees on Steve Standridge's behalf.

h.   Negligently supervising or retaining medical staff and employees at FCDC.

79.   As a direct and proximate result of Defendants' conduct, Steve Standridge endured bodily harm, unnecessary pain and suffering for the duration of his confinement at FCDC, and died as a result of the negligent acts and omissions by Defendants.

80.   Defendants committed the act of negligence which was the cause of Steve Standridge's bodily injury, pain, suffering, and death.

## COUNT VIII- RESPONDEAT SUPERIOR

81.   Paragraphs 1-40 are hereby restated and incorporated by reference.

82.   Defendants Savannah Henderson, Cheyenne Brown, Anthony Carter, and Does, Healthcare Providers, were employed by Turn Key and were acting within the scope of their employment during the time Steve Standridge was detained at FCDC.

83.   Under Respondent Superior, Defendant Turn Key is liable for the conduce of its agents and employees while acting within the course or scope of their employment. Thus, defendant Turn Key is liable for the negligent acts, including medical malpractice and negligence of defendants.

V.   **DAMAGES**

84.   That as a result of Defendant's conduct, acts, and omissions, Steve Standridge was damaged as follows:

a.   He suffered severe bodily harm that resulted in his death, and

b.   He endured unnecessary pain, suffering, and mental anguish

14

85. Defendants are liable in damages to Steve Standridge's estate, including but not limited to past and future income loss, punitive damage, lawyer fees, and costs of suit for his wrongful death which occurred as a result of Defendants' conduct, acts, and omissions.

86. Defendants are liable in damages in an amount exceeding $1,000,000.00 to the wrongful death beneficiaries for Steve Standridge's wrongful death which occurred as a result of their conduct, acts, and omissions, including but not limited to damages for mental anguish to Steve Standridge's brother and guardian.

## VII. JURLY TRIAL

87. The Plaintiff demands a jury trial.

WHEREFORE, Plaintiff requests this Court grant him a jury trial and award Steve Standridge's estate and beneficiaries judgment against the Defendants in a sum which will reasonably compensate the Decedent and his beneficiaries for his wrongful death.

Respectfully submitted,
The Estate of Steve Standridge, Plaintiff

_____
Tabatha Branch, ABN 2002455
TS Branch Law Firm, PLLC
Attorney for Plaintiff
700 S German Lane, Ste 110
Conway, AR 72034
Phone (501) 329-5555
Facsimile (501) 377-9879
tsbranch@tsbranchlaw.com

_____
April Rogers, ABN 2020157
April Rogers Law, PLLC
Attorney for Plaintiff
700 S German Lane, Ste 110
Conway, AR 72034
Phone (501) 339-7307
arogers@aprilrogerslaw.com

15