# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**EDWARD STANDRIDGE,**
as Personal Representative
of the Estate of Steve Standridge, Deceased                                                    **PLAINTIFF**

v.                                    **Case No. 4:23-cv-00165 KGB**

**FAULKNER COUNTY, ARKANSAS,** *et al.*                                                 **DEFENDANTS**

## ORDER

Before the Court is separate defendant Turn Key Health Clinics, LLC's ("Turn Key") motion to dismiss plaintiff's complaint (Dkt. No. 4). After Turn Key filed its motion, plaintiff Edward Standridge, as Personal Representative of the Estate of Steve Standridge, Deceased ("Mr. Standridge") filed an amended complaint (Dkt. No. 6), followed by a response to Turn Key's motion in which Mr. Standridge asserts his amended complaint renders moot the motion to dismiss (Dkt. No. 7). Turn Key and defendant Anthony Carter each filed a motion to dismiss plaintiff's amended complaint (Dkt. Nos. 9; 16).

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). Mr. Standridge filed his amended complaint within 21 days after service of Turn Key's motion to dismiss, based on the Court's review of the docket. Accordingly, the Court denies as moot Turn Key's motion to dismiss plaintiff's complaint (Dkt. No. 4).

When responding to Turn Key's motion to dismiss, Mr. Standridge also included a request for leave to amend further his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) "to add the Certificate of Service and electronic signatures." (Dkt. No. 7, ¶ 4). Mr. Standridge attached

a copy of the proposed amended complaint to his response[1] (*Id.*, at 3–21).  None of the named defendants have responded to the motion for leave to amend, and the time for doing so has passed.

The Federal Rules of Civil Procedure favor amendment.  Rule 15(a)(2) provides that leave to amend a pleading shall be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2). Although this is a lenient standard, there is no absolute right to amend a pleading.  *See Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002); *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

The decision whether to allow a plaintiff to amend his complaint is left to the sound discretion of the district court, and the court of appeals will reverse the district court only if the court abused its discretion.  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).  However, the Eighth Circuit has held that a court abuses its discretion when it denies leave to amend without "compelling reasons" for doing so, *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 974 (8th Cir. 2008), such as "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment," *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (quoting *Becker*, 191 F.3d at 908).

Further, a motion to amend a complaint generally renders moot a motion to dismiss the previously filed complaint.  *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).  The Eighth Circuit held in *Pure Country, Inc. v. Sigma Chi Fraternity* that the

---

[1] Mr. Standridge titles the proposed amended complaint as his "second amended complaint." (Dkt. No. 7, at 3–21). The Court observes that Mr. Standridge has filed an amended complaint (*see* Dkt. No. 6), which the Court construes as his first amended complaint.

district court plainly erred in denying as moot the plaintiff's motion to amend the complaint after the district court granted the defendant's motion to dismiss the original complaint. *Id.*

The Court has reviewed Mr. Standridge's proposed second amended complaint and compared it to Mr. Standridge's amended complaint (Dkt. Nos. 6; 7, at 3–21). The Court agrees that the proposed second amended complaint only adds the Certificate of Service and electronic signatures, as Mr. Standridge represents in his motion (Dkt. No. 7, ¶ 4). Mr. Standridge's proposed second amended complaint otherwise pleads the same factual allegations and asserts the same causes of action as the amended complaint.

Based on the record before it and in the light of the lenient amendment standard under Rule 15(a), the Court grants Mr. Standridge's motion for leave to amend (Dkt. No. 7). The Court denies without prejudice Turn Key's motion to dismiss Mr. Standridge's amended complaint (Dkt. No. 9). The Court also denies without prejudice Mr. Carter's motion to dismiss Mr. Standridge's amended complaint (Dkt. No. 16). Mr. Standridge must file his proposed second amended complaint within seven days from entry of this Order. Then, Turn Key and Mr. Carter may refile and renew their respective motions to dismiss the operative complaint, if appropriate.

It is therefore ordered that:

(1) The Court denies as moot Turn Key's motion to dismiss plaintiff's complaint (Dkt. No. 4).

(2) The Court grants Mr. Standridge's motion for leave to amend (Dkt. No. 7). Mr. Standridge has seven days from the date of this Order to file his second amended complaint.

(3) The Court denies without prejudice Turn Key's motion to dismiss plaintiff's amended complaint, subject to Turn Key refiling and renewing the motion after the second amended complaint is filed if appropriate (Dkt. No. 9).

(4) The Court denies without prejudice Mr. Carter's motion to dismiss plaintiff's amended complaint, subject to Mr. Carter refiling and renewing the motion after the second amended complaint is filed if appropriate (Dkt. No. 16).

It is so ordered this 29th day of March, 2024.

*Kristine G. Baker*

Kristine G. Baker
Chief United States District Judge